DO NOT PUBLISH

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1167

AUGUSTA J. WILLIAMS

VERSUS

NATCHITOCHES FORD-LINCOLN-MERCURY

**********
APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C-79899
HONORABLE ERIC R. HARRINGTON, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Sylvia R. Cooks, J. David Painter, and Shannon J. Gremillion, Judges.

AFFIRMED.

C. R. Whitehead, Jr.
P.O. Box 697
Natchitoches, LA 71458
Counsel for Plaintiff-Appellant:
    Augusta J. Williams

Mark A. Begnaud
300 St. Denis St.
Natchitoches, LA 71457
Counsel for Defendant-Appellee:
    Natchitoches Ford Lincoln Mercury, Inc.

**PAINTER, Judge.**

Plaintiff, Augusta J. Williams, appeals the judgment of the trial court dismissing her suit for damages for unlawful seizure and sale of her vehicle against Natchitoches Ford Lincoln Mercury, Inc. (NFLM).

### FACTS

Mrs. Williams bought a new Ford Taurus in 1994. At some point thereafter, she left it with her grandson for his use. In November 2004, the car began having problems, and he took the car to NFLM for service. The grandson, Broderick Williams, did not testify. However, the testimony and documents introduced at trial indicate that Derrick was told that a diagnostic test showed that the vehicle had low compression in one of the cylinders and that the mechanic would have to take off the head and intake assembly to see what was causing the problem. He was allegedly told that since this would involve labor, it would not be free. It is not clear from the record whether this work was approved immediately or whether the car was returned for service later. However, the work was done, and the mechanic found a broken piston. Dennis Pang, general manager of NFLM, testified that when Mrs. Williams came to get the vehicle she did not want to take it without it being repaired but would neither approve the installation of a new motor nor pay the bill for the labor required to find the problem. The vehicle sat on the lot for several months, and after notices were sent to the address on the vehicle's registration, it was sold to cover the storage fee.

Mrs. Williams brought this suit alleging that the vehicle was wrongfully sold and asking for damages for unlawful repossession, loss of use, the value of the

1

vehicle, and attorney's fees. After a trial on the merits, the court dismissed Mrs. Williams' claims at her cost. Mrs. Williams appeals.

## DISCUSSION

Mrs. Williams asserts that the court erred in finding that she had entered into an agreement with NFLM to store her vehicle.

We first note that the trial court made no finding as to an agreement to put the vehicle in storage because no such agreement was necessary. Louisiana Revised Statutes 32:1726 requires only that a vehicle be left with a repairman for repair and not claimed after being placed in storage.

The statute provides that:

> A. Whenever any vehicle of a type subject to registration in this state has been stored or left in possession of a motor vehicle dealer or repairman for repair or otherwise and the same has not been claimed after a vehicle has been placed in storage as a result of nonpayment, the repair shop shall make the notifications required in R.S. 32:1719 and R.S. 32:1720.

> B. After a period of forty-five days from the notice required in R.S. 32:1720 and no payment of the cost of storage or repair has been made for that period, the motor vehicle dealer or repairman with whom the vehicle has been left for storage or repair may dispose of it and collect the charges and cost of storage and cost of repair in the manner set forth in R.S. 32:1728. The charges and cost for storage shall not exceed any maximum charge set by the Public Service Commission for storage services pursuant to its legal authority under R.S. 45:180.1, or as otherwise provided by law.

The record herein supports the conclusion that the vehicle was left with NFLM for repair, that the repairs were not paid, and that the vehicle was placed in storage as a result of the non-payment of charges.

Mrs. Williams next argues that the trial court erred in finding that she was not entitled to a hearing under the provisions of La.R.S. 32:1720(B)(8). The trial court

2

correctly noted in its oral reasons for judgment that La.R.S. 32:1720(B) provides in pertinent part that:

> B. The notice required in Subsection A of this Section shall include the following information:
>
> . . . .
>
> (8) Notice of the right of the owner and holder of any lien on the vehicle to an administrative hearing as required in R.S. 32:1727. The notice shall contain the deadline for requesting an administrative hearing and shall also contain information regarding the date by which the request for an administrative hearing must be mailed by certified letter, return receipt requested.

As the trial judge correctly noted, this provision does not give all owners of vehicles sought to be sold for repair and/or storage charges the right to a hearing. The hearing is only required as set out in La.R.S. 32:1727 (emphasis added) which states that:

> A. The *owner of any vehicle that was stored by a public agency shall have the right to an administrative hearing* to determine if towing and storage of said vehicle was proper. The owner of the vehicle must make a request for a hearing within ten days of the date that the owner notification is mailed as described in R.S. 32:1720 to the agency that had the vehicle towed.
>
> B. The hearing shall be conducted by the public agency authorizing the tow or other body authorized to do so within three business days after receipt of the request for a hearing.

Since Mrs. Williams' vehicle was stored by a private company, she was not entitled to a hearing. Further, as noted by the trial court in its reasons for judgment, Mrs. Williams received repeated notices of the intention to dispose of the vehicle and she had an opportunity to oppose the disposal process if she wished.

3

## CONCLUSION

Finding no error in the actions of the trial court, we affirm the judgment. Costs of this appeal are to be paid by Plaintiff-Appellant, Augusta J. Williams.

**AFFIRMED.**